## Ludwig A. D. Gathemann, Plaintiff in Error, v. Samuel Rosenfeld, Defendant in Error.

### Gen. No. 20,115.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 22, 1914.

### Statement of the Case.

Action by Ludwig A. D. Gathemann against Samuel Rosenfeld to recover damages resulting from the presence of gaseous fumes in a bathroom of demised premises from the use of a gas water heater without a proper vent pipe connection. The plaintiff was a tenant of defendant. Plaintiff's demurrer to defendant's plea of the statute of limitations was overruled and upon his electing to stand by his demurrer, judgment was entered for defendant. Plaintiff brings error.

CHARLES J. TRAINOR, for plaintiff in error.

KRAUS, ALSCHULER & HOLDEN, for defendant in error; THOMAS J. LAWLESS, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 257*—*necessary allegations.* In an action by a tenant for damages caused by gaseous fumes, an allegation that the tenant did not know the danger of using a water heater does not show that the tenant had a right to rely on the existence of a vent pipe or connection therewith, and states nothing for which the landlord was responsible.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  LANDLORD AND TENANT, § 257*—*allegations necessary to charge landlord for defective gas pipe.*  In an action by a tenant to recover for damages resulting from gaseous fumes, where the declaration failed to disclose any defect in the vent pipe or, if one, that it was concealed, or that knowledge of it was chargeable to the landlord, or that it was not discoverable or ascertainable by the tenant, it lacks the elements essential to such a cause of action.

3.  LANDLORD AND TENANT, § 257*—*what a new cause of action.*  Where an amended declaration sets up the negligence of the landlord in failing to warn or inform the tenant of a defect in demised premises, and the dangers connected therewith, after the landlord knew of them, instead of as previously alleged, the landlord's failure to use a vent pipe connection for a gas heater, and his permitting its use by the tenant, it constitutes a different cause of action such as is barred by the statute of limitations.